IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
2096 Walsh Ave, Ste C1
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMES ALGER,<br><br>     Plaintiff,<br> v.<br><br>SAN REMO PIZZERIA INC;<br>LANDA MANSOUR; and NASIR<br>MANSOUR,<br><br>     Defendants. | Case No.  '26 CV 4270 JES AHG<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PERSONS WITH PHYSICAL DISABILITIES IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1

JAMES ALGER ("Plaintiff") complains of SAN REMO PIZZERIA INC; LANDA MANSOUR; and NASIR MANSOUR (collectively, "Defendants") as follows:

## INTRODUCTION

1.    This action arises from Plaintiff's visit to San Remo Pizzeria, a dining establishment located at 625 Sixth Ave, San Diego, CA 92101. Plaintiff has a physical disability and relies on a wheelchair or scooter for mobility. During Plaintiff's visit to San Remo Pizzeria, he encountered accessibility barriers that interfered with his ability to access and use the establishment in the same manner as non-disabled customers.

2.    Specifically, both the counter where customers place orders and the separate counter where payments are processed were inaccessible to Plaintiff because they were too high for him to use from his wheelchair. The dining area was similarly inaccessible. The dining area consisted of a high bar with bar-style seating, and the height of the dining surface prevented Plaintiff from comfortably dining while seated in his wheelchair. In addition, the dining surface lacked sufficient knee depth to comfortably accommodate Plaintiff, and no lowered or otherwise accessible dining surface existed at the establishment.

3.    As a result of these accessibility barriers, Plaintiff was denied full and equal access to the goods and services offered by Defendants.

## JURISDICTION

4.    This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*.

## VENUE

5.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because the subject property is located within this District and Plaintiff's claims arose within this District.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

2

**PARTIES**

6.      Plaintiff is a qualified individual with a disability within the meaning of the ADA. He suffers from progressive peripheral neuropathy, a neurological condition that causes ongoing damage to the peripheral nerves and has resulted in significant loss of strength and sensation throughout his extremities. The progression of his condition accelerated following a work-related back injury. This physical impairment substantially limits Plaintiff's major life activities, including walking and performing tasks that require dexterity and fine motor control. Due to these mobility limitations, he relies on a wheelchair or scooter for mobility. Plaintiff resides in Porter Ranch, California.

7.      Defendants are, and at all relevant times were, the owners, operators, lessors, and/or lessees of the San Remo Pizzeria located at 625 Sixth Ave, San Diego, CA 92101.

8.      San Remo Pizzeria is a facility open to the public and a place of public accommodation.

**FACTUAL ALLEGATIONS**

9.      In June 2026, during a multi-day trip to the San Diego area, Plaintiff visited San Remo Pizzeria. Plaintiff was staying at a nearby hotel and chose the establishment in part because of its close proximity to his accommodations. During the same trip, Plaintiff also visited the San Diego Zoo, where he holds an annual membership. During his visit to San Remo Pizzeria, Plaintiff encountered several accessibility barriers that made his experience frustrating and uncomfortable.

10.      Upon arriving at the service counter, Plaintiff observed that there was no designated accessible portion of the counter for conducting transactions. The service counter was too high, making it difficult for Plaintiff to interact with staff and reach the area where he needed to place his order. In addition, the payment device at the second counter was mounted above Plaintiff's maximum reach range,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

3

preventing him from completing the transaction independently.

11.    After making his purchase, Plaintiff attempted to find a place to eat and discovered that the dining surfaces were inaccessible to him. The dining surface, which featured bar-style seating, was too high for Plaintiff to use from his wheelchair and lacked sufficient knee depth to accommodate him. No lowered or otherwise accessible dining surface existed at the establishment.

12.    Although Plaintiff was ultimately able to eat his pizza, the accessibility barriers he encountered caused him frustration and embarrassment and deter him from returning to the establishment under the existing conditions. Despite these barriers, Plaintiff found the pizza to be of excellent quality and would like to return to San Remo Pizzeria to dine there again. Plaintiff intends to return during future trips to the San Diego area if the accessibility barriers are remediated.

13.    The subject premises must be brought into compliance with the 2010 ADA Standards for Accessible Design.

14.    These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after a detailed inspection by Plaintiff's counsel's accessibility expert.

**CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

15.    Plaintiff repleads and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

16.    At all times relevant to this action, Title III of the ADA has been in full force and effect and has applied to Defendants' conduct.

17.    Plaintiff is an individual with a disability who has been subjected to

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

4

discrimination on the basis of disability in violation of Title III of the ADA and has reasonable grounds to believe that he will again be subjected to such discrimination if he attempts to patronize the subject facility while the accessibility barriers remain.

18. "Private entities" that are "public accommodations" under the ADA include establishments that serve food or drink, such as San Remo Pizzeria. *See* 42 U.S.C. § 12181(7)(B).

19. Defendants discriminated against Plaintiff in violation of Title III of the ADA by the following (without limitation): (a) providing benefits that are unequal to those afforded to people without disabilities by not providing accessible features; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities and would not fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; (c) failing to take steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (d) failing to construct and/or alter San Remo Pizzeria in compliance with applicable federal standards for accessibility pursuant to 42 U.S.C. § 12183; (e) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (f) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

20. The barriers identified herein are readily achievable to remove without significant difficulty or expense. The inaccessible dining surface may be

remedied by modifying or replacing the existing dining surface to provide a lowered accessible portion with adequate knee depth for wheelchair users. Such modifications would require minimal labor and expense and would not alter the nature of Defendants' operations. Likewise, the transaction counter barrier may be remedied by modifying or replacing the existing counter to provide a lowered accessible portion, or by installing a lowered flip-out counter together with a point-of-sale device positioned within an accessible reach range. These modifications are relatively simple and inexpensive to implement, and their cost is substantially outweighed by the significant benefit of affording patrons with disabilities full and equal access to Defendants' goods, services, facilities, privileges, advantages, and accommodations.

21. The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36.

22. Pursuant to 42 U.S.C. § 12188, Plaintiff is entitled to the remedies and procedures set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination. Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless Plaintiff is granted the relief he requests. An actual controversy exists between Plaintiff and Defendants concerning whether Defendants' acts and omissions violate federal law.

2. Plaintiff requests a declaratory judgment that Defendants' actions,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

6

omissions, and failures violate the ADA;

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

b. To provide reasonable accommodations for persons with disabilities at San Remo Pizzeria;

c. To ensure that persons with disabilities are not denied equal benefits at San Remo Pizzeria;

d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where readily achievable;

e. To maintain such accessible facilities once they are provided;

f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at San Remo Pizzeria; and

g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the facilities.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that the unlawful acts, omissions, policies, practices, and inaccessible conditions complained of herein have been remedied and will not recur;

5. Plaintiff requests all reasonable attorney's fees, litigation expenses, and costs of this proceeding;

6. Plaintiff requests any other relief that this Court may deem just and

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

7

proper.

Date: July 26, 2026                                  ALLACCESS LAW GROUP


                                              _____/s/ Irakli Karbelashvili_____
                                              By IRAKLI KARBELASHVILI, Esq.
                                              Attorney for Plaintiff
                                              JAMES ALGER